Judge Marshall
delivered the opinion of the Court.
Quin, as relator, instituted an action of debt, in 1832, upon a constable’s bond, against White, who was the surety of Abner Oldham, deceased.
The breach alleged in the declaration, is that, Oldham, as constable of Estill county, had received from Quin, for collection, three notes on men in that county, which are specified, amounting to sixty one dollars; that he collected the amount, and failed to pay or account for it to Quin, and also neglected to return process thereon. The only evidence in support of this breach, consisted of the receipt of Oldham, bearing date in February, 1825, acknowledging that he had received from Quin the notes specified in the ‘ declaration, with others, and promising to collect the money, or return process; and the receipt states that Commonwealth’s paper is to be received.
Upon this evidence, the Court overruled the defendant’s motion to instruct the jury as in case of a nonsuit. There being no further proof on either side, the Court instructed the jury as moved for by each party; and a verdict and judgment were rendered against the defendant, for eighty-five dollars in damages. The defendant’s motion for a new trial was overruled, and he prosecutes a writ of error — alleging that the Circuit Court erred in refusing to instruct as in case of a nonsuit; in giving the instructions asked for by the plaintiff, and in overruling the motion for a new trial.
If the receipt conduced to prove that any thing had been collected on the notes mentioned therein, it conduced to prove that Commonwealth’s paper, and not specie, had been collected; and as the declaration al *462 leges the collection of sixty one dollars, and the failure ter pay that sum, &c. the proof was variant from the allegation; and for this variance, if not for an entire failure of proof, the Court should have instructed the jury as in case of a nonsuit — as determined by this Court in the case of Scott vs. Commonwealth for Crozier, 5 J, J. Marshall, 645.
A constable is not bound, as an officer,to try to collect demands put into his hands, without wan anta
Proof that notes of the Comth’3 hank were collected by a constable, will not justify a verdict for their nominal amoupt and interest, when there is no proof of their value-
As, for the error of the Court in refusing this instruction, the judgment must be revered, we deem it unnecessary to .notice the other questions made, further than to say, that the Court erred in informing the jury, that it was the duty of Oldham, as constable, to endeavor to collect the notes placed in his hands, by asking for the money, though no process had issued. And that, as there was no proof of the value of Commonwealth’s paper, the verdict and judgment for the full amount of the notes with interest, was unauthorized by the testimony. On these grounds, if it had been even proper for the case to> go to the jury, there should have been a new trial.
Wherefore, the judgment is reversed and the cause remanded for a new trial, upon principles consistent with this opinion.